IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID BOGUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  1:12-cv-24 |
| vs. | ) | |
| | ) | |
| ENHANCED RECOVERY COMPANY, LLC, | ) | |
| | ) | |
| | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, DAVID BOGUS, by and through his attorneys, LUXENBURG & LEVIN, LLC, and for his Complaint against the Defendant, ENHANCED RECOVERY COMPANY, LLC, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Michigan Occupational Code, M.C.L. § 339.901, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Ludington, Michigan.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and M.C.L. § 339.901(f).

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt.  In addition, at all relevant times, Defendant acted as a "collection agency" within the meaning of M.C.L. § 339.901(b), in that it was attempting to collect a claim from Plaintiff that was asserted to be owed or due to another.

6. The aforementioned alleged debt and/or claim is a "debt" within the meaning of 15 U.S.C. § 1692a(5) and a "claim" and/or "debt" within the meaning of M.C.L. § 339.901(a), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a limited liability company of the State of Delaware, which is licensed to do business in Michigan and which has its principal place of business in Jacksonville, Florida.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8. Earlier this year (2011), Defendant's representatives, agents and/or employees began repeatedly contacting Plaintiff by telephone in attempts to collect an alleged debt from an individual named Christie Cook (hereinafter "Cook").

9. On several occasions, Plaintiff notified Defendant's representatives, agents and/or employees that Cook did not live at his residence and could not be reached at the telephone number at which they were calling Plaintiff.  Plaintiff provided this information directly to

2

Defendant's representatives, agents and/or employees and also provided it to Defendant through Defendant's automated phone answering system.

10. Plaintiff requested that Defendant stop placing telephone calls to Cook at his telephone number and on at least one occasion, Plaintiff was advised that he would receive no further calls from Defendant. However, Defendant's representatives, agents and/or employees continued placing telephone calls to Cook at Plaintiff's telephone number.

11. Further, on or about October 3, 2011, a letter was sent via facsimile transmission to Defendant, advising Defendant that Plaintiff was represented by the law firm of Luxenburg & Levin, LLC in regard to the alleged debt. However, Defendant continued placing telephone calls to Cook at Plaintiff's telephone number despite having received notice that Plaintiff was represented by an attorney.

12. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

    b. Communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt, in violation of 15 U.S.C. § 1692c(a)(2); and

    c. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

13.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and/or emotional distress.

WHEREFORE, Plaintiff, DAVID BOGUS, respectfully prays for a judgment against Defendant as follows:

    a.   Statutory damages of $1,000.00 for each violation of the FDCPA;

    b.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c.   Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Michigan Occupational Code)

14.     Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

15.     In its attempts to collect the aforementioned alleged debt, Defendant violated the Michigan Occupational Code in one or more of the following ways:

    a.   Using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging Plaintiff in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to Plaintiff, in violation of M.C.L. § 339.915(n);

4

  b.  Communicating with Plaintiff when he was actively represented by an attorney and the attorney's name and address were known to Defendant, in violation of M.C.L. § 339.915(h); and

  c.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the Michigan Occupational Code.

16. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and/or emotional distress.

WHEREFORE, Plaintiff, DAVID BOGUS, respectfully prays for a judgment against Defendant as follows:

  a.  Statutory damages of $150 for each violation of the Michigan Occupational Code;

  b.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

  c.  Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ Celia Banks Washington
Celia Banks Washington (P54338)
Attorney for Plaintiff
Luxenburg & Levin, LLC
P.O. Box 252681
West Bloomfield, MI 48322
(888) 493-0770, ext. 309 (phone)
(866) 551-7791 (facsimile)
Celia@LuxenburgLevin.com

6